JACQUELINE DUVAL, Appellant, v JOHN SCOTT MAJOR, Respondent. [955 NYS2d 514]—

By the standards of either New York or English law, the plain language of the parties' agreement, as set forth in the financial order issued by the London High Court of Justice on May 26, 2006, reflects the parties' intention that English law govern an application by either party for modification of the maintenance provision of the agreement and that any application for a modification be made to the English court (*see Vermont Teddy*

*Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]; *Ditta Estasis Salotti di Colzani Aimo e Gianmario Colzani v Rüwa Polstereimaschinen GmbH*, 1976 ECR 1831, 1 CMLR 345, 355 [Case No. 24/76, Dec. 14, 1976] [whether clause conferring jurisdiction reflects parties' consensus "must be clearly and precisely demonstrated"]; *Coreck Maritime GmbH v Handelsveem BV*, 2000 ECR I-9337, 2000 ECJ CELEX LEXIS 372 [Case No. C-387/98, Celex No. 698J0387, Nov. 9, 2000]).

In view of the fact that plaintiff's financial resources are significantly greater than defendant's and that her actions have caused unnecessary and protracted litigation, the motion court properly awarded defendant attorneys' fees (to be determined) (*see Stella v Stella*, 16 AD3d 109 [1st Dept 2005]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Sweeny, DeGrasse, Manzanet-Daniels and Clark, JJ.